THE UNITED STATES OF AMERICA, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1187. Submitted June 17, 1946.—Decided July 16, 1946.

*Philip F. Herrick* and *A. Castro Fernández* for appellant. The registrar appeared by brief.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The United States Government purchased from the heirs of Latorre, all of legal age, for the amount of $324, deferred payment, a parcel of land situate in the Ward of Culebrinas, San Sebastián, the sale having been recorded in the Registry of Property of Aguadilla. Subsequently the United States announced to the vendors that it was ready to make payment and that if they did not accept it, the money would be deposited in court. Some of the vendors refused to accept the payment and the plaintiff deposited in the Municipal Court of San Sebastián the purchase price. The court, after summoning the defendants who did not appear at the trial, decided on plaintiff's evidence that the deposit had been properly made and rendered judgment ordering the registrar to cancel in the books of the registry any entry made therein of the deferred payment of the sale of the property to the United States. The registrar refused to comply with the court's order and issued the following note:

"The cancellation ordered in this case is hereby denied on the ground that the decision of the Municipal Court of San Sebastián is void because it lacks jurisdiction by reason of the subject-matter; and instead a cautionary notice for one hundred and twenty days 'is entered at folio 192 back, of volume 84 of San Sebastián, property No. 4630, entry letter A. See *Marrero* v. *Registrar of Property of Mayagüez*, 32 P.R.R. 818; *Muriente* v. *Yumet*, 58 P.R.R. 619. Aguadilla, May 2, 1946 (Sgd.) José A. Vargas, Registrar."

The present appeal has been taken from that decision.

Under § 4 of the Act of 1904 reorganizing the judiciary system of Puerto Rico, the municipal judge has jurisdiction "in all civil matters in his district to the amount of five hundred dollars, including interest." Construing the scope of the words "all civil matters" we held in *Garcia* v. *Registrar*, 23 P.R.R. 394, that they did not include a complaint praying that a minor be ordered to execute a deed of sale to certain real property sold by his father, even if the purchase price amounted to only one hundred dollars, and subsequently

in *Pujals* v. *District Court,* 40 P.R.R. 87, after confirming the *García* case, *supra,* we said: "Reviewing our jurisprudence we find only another civil proceeding excluded from the words 'all civil matters' as used in the statute; the foreclosure of a mortgage."

In *García* v. *Fernández,* 8 P. R.R. 102; *The Juncos Central Co.* v. *Del Toro,* 30 P.R.R. 306; and *Pérez* v. *District Court,* 47 P.R.R. 546, we held that municipal courts have jurisdiction to take cognizance of consignation proceedings under the amount of $500.

The cases invoked by the registrar, *Marrero* v. *Registrar,* 32 P.R.R. 818, and *Muriente* v. *Yumet,* 58 P.R.R. 619, are not applicable to the facts in the present case because those cases dealt with cancellation of a mortgage over which, as we already decided, the municipal courts have no jurisdiction. This is not a case of cancellation of a mortgage, nor of any other form of alienation of a minor's property. The conveyance of the property was voluntarily made when the United States Government purchased the property from the heirs of Latorre. The object of this case is to establish the payment of the deferred purchase price which defendants refused to receive. The municipal court had jurisdiction in this case.

The note should be reversed and the registrar ordered to comply with the decision of the Municipal Court of San Sebastián.

Mr. Justice Snyder did not participate herein.